UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

SCOTT ALAN MASSEY,

        Plaintiff,

v.

HAGEN W. FRANK et al.,

        Defendants.
_____/

Case No. 1:19-cv-115

Honorable Paul L. Maloney

## OPINION

This is a civil rights action brought by a federal prisoner under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A. The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint because it is frivolous and fails to state a claim.

## Discussion

    I.    <u>Factual allegations</u>

Plaintiff is presently incarcerated with the Federal Bureau of Prisons at the Federal Medical Center in Butner, North Carolina. Plaintiff sues the following federal and state officials: Assistant United States Attorney Hagen W. Frank in Grand Rapids, Michigan; Sergeant Detective

Cyndee Gochanour, who works for the Michigan State Police in Jonesville, Michigan; and Investigator of Interstate Commerce Mark O'Riordan, who works for the Secret Service Agency in Washington, D.C.

In July 2007, Plaintiff was indicted and arrested for charges related to possession of child pornography. (*See* Indictment, *United States v. Massey*, 1:07-cr-175 (W.D. Mich.), ECF No. 1.) In October 2007, Plaintiff signed an agreement to plead guilty to the following: distribution of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(2)(A), (b)(1), and 2256(8); possession of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(5)(B), (b)(2), and 2256(8); and attempting to entice an individual to travel for criminal sexual activity, in violation of 18 U.S.C. § 2422(a). (*See* Plea Agreement, *United States v. Massey*, 1:07-cr-175 (W.D. Mich.), ECF No. 19.) He entered his guilty plea the following month. On March 26, 2008, the Honorable Robert J. Jonker sentenced Plaintiff to a total term of 360 months in prison. (*See* Judgment, *id.* at ECF No. 31.)

In his complaint, Plaintiff asserts eight claims, none of which contain any intelligible supporting facts. For instance, in claim one he alleges, "Contract plea agreement of guilt perjurous regarding stipulated facts within the borders thereof and therefore nullified/void by default being in breach of truth and accuracy upon offering and submission to district court." (Compl., ECF No. 1, PageID.4.) Plaintiff is apparently attacking the contents and validity of his plea agreement, but the Court cannot discern the factual basis for this claim.

In claim two, Plaintiff asserts, "Indictment leading to contract creation referred to in claim one is deficient of district court valid evidence clearly declared to be listed/recorded as discovery material at arraignment . . . in contradiction to direct appeal counsel's clear affirmation on June 1, 2018 said discovery 'is not part of district court record[.]'" (*Id.*) In other words, Plaintiff

2

appears to be attacking the validity of the indictment against him, but the basis for his attack is unclear.

Claims three through eight suffer from similar deficiencies. Claim three apparently challenges the fact that an unidentified proffer or "illusion of proffer" is not part of the district court record. (*Id.*) Claim four asserts that an unidentified defendant "took advantage" and "acted discriminately" toward Plaintiff, without any supporting facts. (*Id.*, PageID.5.) Claim five apparently contends that Defendant Gochanour made false representations to support an arrest warrant, but Plaintiff does not identify the false representations. Claim six makes a conclusory assertion that Defendant Gochanour deprived Plaintiff of his right to equal protection under the Fourteenth Amendment. Claim seven asserts that Defendant Gochanour deprived Plaintiff of his right to due process and a fair trial by testifying as a government witness because she was "perjurous" and "inadmissible for testimony." (*Id.*) Plaintiff provides no facts to support these conclusions. Finally, in claim eight, Plaintiff alleges that Defendant O'Riordan was "complicit" in depriving Plaintiff of his civil rights because he "stood mute in observance and witness" of Gochanour's actions. (*Id.*)

II.     Analysis

Plaintiff's complaint suffers from a number of deficiencies: it fails to state a claim, it is barred by the statute of limitations, it appears to be challenging the basis for his conviction, which is not a proper subject of a civil rights action under § 1983 or *Bivens* unless his conviction has been overturned, some of the claims—particularly the challenge to the criminal indictment—have been waived by Plaintiff's guilty plea, and Defendant Frank is likely immune from suit. The Court will address only the first two deficiencies.

### A. Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to

identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Where a person alleges that a "federal" actor has violated his or her federal constitutional rights, the claim arises under the doctrine of *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). In *Bivens*, the Supreme Court recognized an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights. *See Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 66 (2001). This implied cause of action is "the federal analog to suits brought against state officials" under 42 U.S.C. § 1983. *Hartman v. Moore*, 547 U.S. 250, 254 n.2 (2006). To state a claim that is cognizable in a *Bivens* action, the plaintiff must plead two essential elements: first, that she has been deprived of rights secured by the Constitution or laws of the United States, and second, that the defendants acted under color of federal law. *Bivens*, 403 U.S. at 397.

Plaintiff fails to state a claim under § 1983 or *Bivens*. As indicated above in the Court's description of the complaint, Plaintiff's allegations are vague and conclusory. They are not supported by any facts from which to reasonably infer that any Defendant has deprived Plaintiff of a constitutional right. Indeed, it is difficult to determine the subject matter of Plaintiff's complaint, let alone Defendants' involvement. And as to Defendant Frank, Plaintiff does not name him at all in the body of the complaint. "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Plaintiff has not done so here. In short, Plaintiff's allegations do not satisfy the minimal pleading standards required to state a claim.

### B. Statute of Limitations

Plaintiff's complaint is also barred by the statute of limitations. State statutes of limitations and tolling principles apply to determine the timeliness of claims asserted under 42

5

U.S.C. § 1983 or under *Bivens*. *Wilson v. Garcia*, 471 U.S. 261, 268-69 (1985). For civil rights suits filed in Michigan, the statute of limitations is three years. *See* Mich. Comp. Laws § 600.5805(10); *Carroll v. Wilkerson*, 782 F.2d 44, 44 (6th Cir. 1986) (per curiam); *Stafford v. Vaughn*, No. 97-2239, 1999 WL 96990, at *1 (6th Cir. Feb. 2, 1999). Accrual of the claim for relief, however, is a question of federal law. *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1996); *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984). The statute of limitations begins to run when the aggrieved party knows or has reason to know of the injury that is the basis of his action. *Collyer*, 98 F.3d at 220.[1]

Plaintiff's complaint is untimely. He asserts claims related to his indictment, arrest, and guilty plea that would have arisen in 2007. Plaintiff had reason to know of the "harms" done to him at the time they occurred. Hence, his claims accrued that same year. However, he did not file his complaint until February 2019, well past Michigan's three-year limit. Moreover, Plaintiff cannot rely on equitable tolling because Michigan law no longer tolls the running of the statute of limitations when a plaintiff is incarcerated. *See* Mich. Comp. Laws § 600.5851(9). Further, it is well established that ignorance of the law does not warrant equitable tolling of a statute of limitations. *See Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991); *Jones v. Gen. Motors Corp.*, 939 F.2d 380, 385 (6th Cir. 1991); *Mason v. Dep't of Justice*, No. 01-5701, 2002 WL 1334756, at *2 (6th Cir. June 17, 2002).

---

[1] 28 U.S.C. § 1658 created a "catch-all" limitations period of four years for civil actions arising under federal statutes enacted after December 1, 1990. The Supreme Court's decision in *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369 (2004), which applied this federal four-year limitations period to a suit alleging racial discrimination under § 1981 does not apply to prisoner claims under 28 U.S.C. §1983 because, while § 1983 was amended in 1996, prisoner civil rights actions under § 1983 were not "made possible" by the amended statute. *Id.* at 382.

A complaint may be dismissed as frivolous if it is time-barred by the appropriate statute of limitations. *See Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001). The Sixth Circuit has repeatedly held that when a meritorious affirmative defense based upon the applicable statute of limitations is obvious from the face of the complaint, *sua sponte* dismissal of the complaint is appropriate. *See Dellis*, 257 F.3d at 511; *Beach v. Ohio*, No. 03-3187, 2003 WL 22416912, at *1 (6th Cir. Oct. 21, 2003); *Castillo v. Grogan*, No. 02-5294, 2002 WL 31780936, at *1 (6th Cir. Dec. 11, 2002); *Duff v. Yount*, No. 02-5250, 2002 WL 31388756, at *1-2 (6th Cir. Oct. 22, 2002); *Paige v. Pandya*, No. 00-1325, 2000 WL 1828653 (6th Cir. Dec. 5, 2000). Accordingly, Plaintiff's action can be dismissed as frivolous because it is barred by the statute of limitations.

## **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that the complaint will be dismissed because it is frivolous and fails to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.

Dated: March 11, 2019  /s/ Paul L. Maloney
Paul L. Maloney
United States District Judge